**Meng Deng WANG, Petitioner,**

v.

**John ASHCROFT, Respondent.**

No. 03–4583.

United States Court of Appeals, Second Circuit.

Feb. 8, 2005.

Thomas V. Massucci, New York, NY, for Petitioner.

Elizabeth Wolstein, Assistant United States Attorney (David N. Kelley, United States Attorney, Southern District of New York, Sara L. Shudofsky, Assistant United States, Attorney, on the brief), New York, NY, for Respondent.

PRESENT: WALKER, Chief Judge, CARDAMONE, Circuit Judge, and OWEN, District Judge.*

## SUMMARY ORDER

Petitioner Meng Deng Wang seeks review of a February 27, 2003, Board of Immigration Appeals ("BIA") order dismissing his appeal of a November 30, 2000, decision denying Wang's application for asylum and withholding of removal and ordering him removed from the United States. In his petition, Wang argues that the BIA (1) violated Wang's due process rights because it "failed to articulate reasoned bases for affirming" the immigration judge's ("IJ's") findings as to Wang's credibility; (2) did not support its own findings by pointing to evidence in the record; (3) erroneously affirmed that part of the IJ's credibility finding that was based on Wang's failure to mention the alleged forcible sterilization of his wife in his original asylum application; and (4) erroneously affirmed the denial of Wang's application where there existed persuasive evidence that his application was meritorious. Familiarity with the facts and procedural history is assumed. We affirm the BIA order and dismiss Wang's petition.

As to Wang's first two arguments, we find that the BIA order properly dis-

---

* The Honorable Richard Owen, of the United States District Court for the Southern District of New York, sitting by designation.

posed of Wang's claim and did not violate his due process rights. As it was entitled to do, *see Secaida–Rosales v. INS*, 331 F.3d 297, 305 (2d Cir.2003), the BIA adopted the IJ's decision, while noting that because it had accepted the IJ's credibility assessment it did not have to reach the question of whether Wang's 1993 asylum application had been abandoned or whether his subsequent application was time-barred. The IJ clearly stated that he did not find Wang to be credible and that this was an alternative basis on which he had denied the requested relief.

■ As to Wang's argument concerning the evidence supporting the IJ's credibility findings, we find that the IJ's conclusions were supported by sufficient evidence. We review the IJ's factual findings regarding eligibility for asylum and withholding of removal under a "substantial evidence" standard, *see Secaida–Rosales*, 331 F.3d at 306–07, upholding them where "supported by reasonable, substantial, and probative evidence on the record considered as a whole." *Diallo v. INS*, 232 F.3d 279, 287 (2d Cir.2000) (internal quotation marks and citation omitted). Pursuant to this standard, where a petitioner's challenge is predicated on the sufficiency of the IJ's factual findings, we will "reverse only if no reasonable fact-finder could have failed to find the past persecution or fear of future persecution necessary to sustain the petitioner's burden." *Id.* We accord "particular deference" to the IJ's determinations surrounding credibility. *Chen v. INS*, 344 F.3d 272, 275 (2d Cir.2003) (quoting *Montero v. INS*, 124 F.3d 381, 386 (2d Cir.1997)).

The IJ noted several significant inconsistencies in Wang's testimony and the documentation Wang introduced to support his application for asylum. Among these were the complete absence of any reference to the alleged forced sterilization of his wife in Wang's 1993 asylum application or in his asylum interview in 1997, when he re-signed the original application. Even discounting this fact, there was substantial evidence supporting the IJ's decision. Wang failed, for instance, to reliably link to his wife the x-rays purporting to illustrate her sterilization; those x-rays, in fact, were marked by an identification number that was different from the identification number for Wang's wife listed in the household register submitted by Wang himself. Wang did not adequately account for this inconsistency, and his testimony, as characterized by the IJ, was generally "evasive, contradictory, and hesitant." The one witness who testified on Wang's behalf claimed to be the wife of Wang's uncle, but could not produce any evidence establishing this fact and, as is clear from the hearing transcript, was generally nonresponsive to the IJ's questions. We note in this regard that questions were posed to the witness via an interpreter, and that the IJ asked her directly if she understood the language in which the questions were being posed.

We have carefully considered Wang's remaining arguments and find them to be without merit. Specifically, we reject summarily Wang's challenge to the BIA's refusal to withhold deportation, which required that Wang meet an even higher burden of proof than did her asylum claim. *See Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir.2004).

For the reasons set forth above, the decision of the Board of Immigration Appeals is hereby AFFIRMED and the petition for review is DENIED.